IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., ALPHARMA           )
PHARMACEUTICALS LLC, and KING   )
PHARMACEUTICALS, INC.,          )
                                )
        Plaintiffs,             )
                                )
    v.                          )   C.A. No. 11-914 (RGA)
                                )
WATSON PHARMACEUTICALS, INC.,   )
WATSON LABORATORIES INC.,       )
WATSON PHARMA, INC., and WATSON )
LABORATORIES, INC. – FLORIDA,   )
                                )
        Defendants.             )

### SCHEDULING ORDER

This ___15th___ day of February, 2012, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary

mediation, or binding arbitration;

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures.    The parties shall make their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by March 2, 2012.

2.    Production of ANDA and Samples of the ANDA Products.    On or before

February 28, 2012, Watson shall produce to Pfizer's counsel a full copy of ANDA No. 201888

on an "outside counsel's eyes only" basis. Within 7 days of Pfizer's identification of a

laboratory and/or expert/consultant with a valid DEA C-II license, Watson shall produce to such

licensed laboratory and/or expert/consultant a reasonable quantity of samples of the ANDA

products on an "outside counsel's eyes only" basis.

3.     Narrowing of Issues in Dispute.  On or before July 31, 2012, Pfizer shall make all reasonable efforts to advise Watson on its decision to voluntarily dismiss its infringement claims on one or more of the following patent claims: claims 1-10 of the '633 patent; claims 1-10 of the '634 patent; and/or claims 1-15 of the '934 patent.  If Pfizer's outside consultants and test lab cannot provide results to inform Pfizer's analysis sufficiently in advance of July 31, 2012, the parties shall meet and confer in good faith regarding an extension of the July 31, 2012 deadline; the Court need not approve this extension.  Also on or before July 31, 2012, Watson shall advise Pfizer whether or not Watson will assert that its ANDA products do not infringe Claims 16-18 of the '934 patent and, if so, the basis for that contention.

4.     Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before August 31, 2012.

5.     Discovery.

a.     Discovery Cut Off.  All discovery in this case shall be initiated so that it will be completed on or before November 2, 2012.

b.     Document Production.  Document production shall be substantially complete by July 9, 2012.

c.     Requests for Admission.  A maximum of 25 requests for admission are permitted for each side, excluding requests for admission for authenticity and/or admissibility, which shall not be limited in number for either side.

d.     Interrogatories.  A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

     e.     <u>Depositions</u>.

          i.     <u>Limitation for Deposition Discovery</u>.  Each side is limited to a total of eight (8) depositions.

          ii.     <u>Location of Depositions</u>.  The parties will confer in good faith regarding the date, time, and location of depositions.

     f.     <u>Disclosure of Expert Testimony</u>.

          i.     <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, excluding secondary considerations of nonobviousness, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 10, 2013.  The supplemental disclosure on subject matter that contradicts or rebuts evidence on the same matter identified by another party, and the initial disclosure addressing secondary considerations of nonobviousness is due on or before February 27, 2013.  Reply expert reports on subject matter for which the party bears the initial burden of proof are due on or before April 11, 2013.  Reply expert reports, with the exception of those solely addressing secondary considerations of nonobviousness, may be submitted only by experts who submitted an initial expert report.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Expert discovery must be initiated so that it is completed by May 24, 2013.

          ii.     <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than June 14, 2013, unless otherwise ordered by the Court.

3

g.   <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a telephone conference.  Unless otherwise ordered, by no later than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

6.   <u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential

> pursuant to this order shall promptly notify that party of the
> motion so that the party may have an opportunity to appear and
> be heard on whether that information should be disclosed.

7. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9. <u>Claim Construction Issue Identification</u>. On or before July 13, 2012, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than August 3, 2012. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on August 24, 2012. The parties' answering/responsive

5

briefs shall be contemporaneously submitted on September 21, 2012. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

11.    Hearing on Claim Construction. Beginning at 9:00 a.m. on October 12, 2012, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

12.    Case Dispositive Motions. As this is an Abbreviated New Drug Application (ANDA) case scheduled for a bench trial, no case dispositive motions shall be filed.

13.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.    Pretrial Conference. On July 12, 2013, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of

6

three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     <u>Trial</u>. This matter is scheduled for a 7 day bench trial beginning at 9:30 a.m. on September 3, 2013, with the subsequent trial days beginning at 9:30 a.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17.     <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

Richard G. Andrews
United States District Judge

7